**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALEXANDER LEYVA CADAVIEGO,

Petitioner,

v.

WARDEN, in his official capacity as Warden of Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Case No. 2:26-cv-03104-MIS-LF

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Alexander Leyva Cadaviego's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 17, 2026. The federal Respondents[1] responded on September 30, 2026 ("Response"). ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will GRANT Petitioner's Petition for the reasons set forth herein.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

The Petitioner is a citizen of Cuba who entered the United States without inspection on April 13, 2022. ECF No. 6-1. Shortly thereafter, the U.S. Department of Homeland Security ("DHS") took him into custody, issued a Notice to Appear placing Petitioner in removal proceedings, and released him. Id. Petitioner filed an application for asylum on October 18, 2022, which remains pending. Id. Between 2022 and September 2, 2026, Petitioner resided peacefully within the United States, most recently living and working in Midland, Texas. Pet. at 6.

Nevertheless, on September 2, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner while he was working. Id. He has been in immigration detention ever since and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Id. 2. Prior to his detention, Petitioner was not provided a bond hearing. Id. at 7.

On September 17, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) requires relief." Id. An Immigration Judge held a bond hearing on September 24, 2026, but took no action because counsel for Petitioner at those proceedings requested time to submit information in support of the request. ECF No. 6-3. Petitioner's next hearing in the removal proceedings is scheduled for October 28, 2026. ECF No. 6-2.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws

or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687 88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

**III. Discussion**

Petitioner argues that his detention without pre-deprivation notice and a bond hearing violates his Fifth Amendment right to due process. Id. at 7. He seeks immediate release from detention, or in the alternative a bond hearing. Id. In response to the Petition, Respondents state:

> For purposes of this specific case, Respondents do not oppose a bond hearing pursuant to Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026), and do not oppose an order directing them to hold a bond hearing under 8 U.S.C. § 1226(a) once Petitioner submits the bond packet.

ECF No. 6 at 2.

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to

the Petition constitutes a concession that Petitioner is being detained in violation of his Fifth Amendment right to due process.

Indeed, in Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.

However, the Court further finds, as set forth below, that release and not a bond hearing is the appropriate relief. The Court further finds that Petitioner is entitled to immediate release for the reasons explained in Diallo v. Orozco, No. 2:26-cv-00066-MLG-JHR, 2026 WL 608746, at *2-5 (D.N.M. Mar. 4, 2026) and Cuauro v. Facility Warden, Case No. 2:26-cv-01110-MLG-KK, 2026 WL 1895912, at *2 (D.N.M. June 22, 2026), which the Court hereby adopts. See also Singh v. Noem, 824 F. Supp. 3d 1197, 1209-15 (D.N.M. 2026). Briefly, after detaining Petitioner and issuing a Notice to Appear on April 15, 2022, DHS released Petitioner, necessarily suggesting that an immigration officer made an initial determination that he was neither a danger to the community nor a flight risk. Cuauro, 2026 WL 1895912, at *2 (citing 8 C.F.R. § 236.1(c)(8)). "Because he was initially released from Respondents' custody pursuant to § 1226(a)(2), the Court hereby finds his re-detention without an immigration court's finding of dangerousness or risk of flight constitutes a violation of the Fifth Amendment's Due Process Clause." Id.

> Specifically, the Court concludes that due process demands that Petitioner receive a pre-deprivation hearing[2] because (1) he has a clear liberty interest in remaining

[2] The Mathews v. Eldridge balancing test guides this analysis. 424 U.S. 319, 335 (1976); see Diallo, 2026 WL 608746, at *3-4[.]

> out of custody; (2) the risk of erroneous deprivation under the procedures used here is high, and the probable value of additional procedural safeguards is considerable, given that [Petitioner] was re-detained despite the Government's failure to provide any valid legal basis to justify his civil detention; and (3) the United States' interest in detaining him is low because they have already released him on his own recognizance, and the cost of a pre-deprivation hearing is minimal.

Id. (footnote in original as footnote 6) (citing Diallo, 2026 WL 608746, at *3-4).

Because Petitioner did not receive a pre-deprivation hearing, his detention violates his right to due process. Id. (citations omitted). The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally ECF No. 6. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk (because it has already found that he is neither, and Respondents do not assert that conditions have changed). Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Alexander Leyva Cadaviego from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the

Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.



**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE